UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LeROTHA J. WHITE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:09-CV-1006-SNLJ |
| | ) |
| ST. LOUIS CITY POLICE DEPT., | ) |
| | ) |
| Defendant. | ) |

**ORDER AND MEMORANDUM**

This matter is before the Court upon the applications of LeRotha J. White and Carlos W. White for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the completed applications, the Court finds that plaintiffs are financially unable to pay any portion of the filing fee. Therefore, plaintiffs will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiffs bring this action against the St. Louis City Police Department, claiming that their home was illegally searched for someone "who was already locked up at the workhouse." The Court notes that plaintiffs have failed to state the jurisdictional grounds for filing this action in federal court. The Court will liberally construe the complaint as having been brought pursuant to 42 U.S.C. § 1983.

"Section 1983 . . . does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity." Will v. Michigan

Dept. of State Police, 491 U.S. 58, 65 (1989). The St. Louis Police Department is a state unit immune from prosecution under § 1983. Moreover, the "St. Louis City Police Department" is not a suable entity. See Crigler v. City of St. Louis, 767 F.Supp. 197, 198 (E.D. Mo. 1991). As such, this action will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motions for leave to proceed in forma pauperis [Docs. #2 and #4] are **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 30th day of July, 2009

  _____
  **UNITED STATES DISTRICT JUDGE**